**David M. KEARNS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. C–2–83–257.**

United States District Court, S.D. Ohio, E.D.

Nov. 14, 1983.

R. William Eisnaugle, Mark M. Gleaves, Columbus, Ohio, for petitioner.

Albert R. Ritcher, Asst. U.S. Atty., Columbus, Ohio, for respondent.

## MEMORANDUM AND ORDER

DUNCAN, District Judge.

This matter is before the Court on respondent's motion to dismiss the petitioner's amended petition to quash summons. For the reasons set forth below, the Court finds that the respondent's motion is well taken, and it is hereby granted.

I

On or about October 1, 1983, the petitioner was informed by Special Agent Phil Creemens of the Internal Revenue Service ("IRS") that he was under investigation regarding personal income tax returns filed for the years 1978 through 1981. As part of this investigation, a summons was issued to the Huntington National Bank, Chillicothe, Ohio, requesting the production of any records in the bank's possession for checking accounts, savings accounts, mortgages, loans, safe deposit boxes, cashier checks, credit cards, and other items in the name of the petitioner and/or his wife, Janet Kearns, his son, David Kearns, Jr., and/or his businesses, Kearns Brothers Competition Engines and Kearns Brothers Automotive, Inc., for the period from December 1975 through January 1982. This summons was issued pursuant to 26 U.S.C. § 7609, which authorizes the IRS to obtain certain taxpayer records from a "third-party recordkeeper," defined so as to include any bank. The taxpayer in this case was noticed, pursuant to 26 U.S.C. § 7609(a)(1), (2) that certain of his records were being summoned from the Huntington National Bank.

On February 8, 1983, the petitioner filed a petition to quash summons. This petition was filed in a timely manner as directed by 26 U.S.C. § 7609(b)(2)(A) and alleged that the summons was repetitive, unnecessary and prolonged an investigation which has no apparent direction. The petition also alleged that the IRS was on a "fishing expedition." On February 25, 1983, the petitioner filed an amended petition to quash summons which did not request any new or different relief.

On March 10, 1983, and before this Court ruled on the petition to quash summons, Special Agent Creemens issued a second summons to the Huntington National Bank, Chillicothe, Ohio. This later summons was more limited in scope and only requested records of safe deposit box rentals including records for any safe deposit rental over which the petitioner had signa-

ture authority individually or jointly with his wife. Such records were secured by the respondent from the third-party record-keeper and are being kept under seal pending the resolution of the instant dispute.

Petitioner did not move to quash this second summons. On April 5, 1983, petitioner was informed by letter that the first summons was being administratively withdrawn. On April 14, 1982, the respondent moved that the petition to quash and the amended petition to quash be dismissed with prejudice. The respondents argue that since the only relief sought by the petitioner was the quashing of the first summons, which was administratively withdrawn, the controversy is moot. The petitioner opposes the motion to dismiss, arguing that the respondent has played "fast and loose" with the taxpayer's rights and that the granting of the motion to dismiss would not be in the interest of justice. The petitioner further argues that the respondent has violated 26 U.S.C. § 7609(d) by seizing the records which were the subject of the second summons. The petitioner finally contends that this Court should not allow the respondent to issue and enforce a second summons concerning the same materials as a prior summons which was subject to a pending motion to quash.

For the reasons set forth below, the Court believes that the respondent is correct in contending that the matters raised by the petition to quash and the amended petition to quash are moot.

## II

The mootness doctrine, which has its genesis in Article III, Section 1 of the Constitution, serves to limit the jurisdiction of the federal courts to matters otherwise within their jurisdiction which present an actual case or controversy. The application of this doctrine remains somewhat difficult in many areas.

 In the area of summons enforcement, it is clear, however, that where the only relief sought is the quashing of a summons and that summons has been complied with, there is no case or controversy

before the Court, and the motion to quash must be dismissed. *United States v. Deak-Perera International Banking Corporation*, 610 F.2d 89 (2d Cir.1979). In the instant case, as the respondent has withdrawn the first summons, there is no longer a case or controversy for this Court to adjudicate with respect to the first summons.

There was, however, a second summons issued in this case, the propriety of which petitioner also challenges. *See* Petitioner's Memorandum Contra Respondent's Motion to Dismiss, April 28, 1983. The Court notes at the outset that petitioner did not move to quash this second summons, nor did petitioner amend his petition to quash to include objections to the second summons. Despite these failures, petitioner argues that he impliedly challenged the propriety of the IRS' conduct in issuing this second summons when he filed his memorandum contra respondent's motion to dismiss. The Court agrees with petitioner in this regard. Therefore, despite the procedural irregularities noted above, the Court believes it can resolve rather quickly petitioner's challenge to the second summons.

 Petitioner alleges that the seizure of records pursuant to this second summons violated 26 U.S.C. § 7609(d) which provides in pertinent part:

(d) Restriction on examination of records—No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made—

. . . . .

(2) where a proceeding under subsection (b)(2)(A) was begun ... except in accordance with an order of the court having jurisdiction ... or with the consent of the person beginning the proceeding to quash.

The petitioner argues that since he did not consent to and this Court did not issue an order to allow examination of records which were obtained by this second summons, the IRS, in seizing those records,

violated the above-quoted section of the United States Code.

Petitioner's reliance on § 7609(d) is misplaced. There has been no *examination* of the records seized pursuant to the second summons, but rather those records have remained under seal pending resolution of the instant dispute. In short, there is no violation of the prohibitions of § 7609(d). With respect to the second summons, the petitioner further contends that this Court should not enforce the summons in question because circumstances surrounding the issuance of the summons clearly suggest bad faith. This Court does not agree.

 Petitioner is correct in contending that an IRS summons should not be judicially enforced if its issuance is motivated by bad faith. *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). No court should allow its process to be abused. Moreover, inquiry into "circumstances surrounding the ... issuance of summonses may reveal improper purposes which judicial enforcement should not sanction ..." *United States v. Monsey*, 429 F.2d 1348, 1351 (7th Cir.1970).

In this case, the Court is not unmindful of the somewhat unusual way in which the records in this case were seized. The second summons was issued on March 10, 1983; however, the respondent did not withdraw the first summons until April 5, 1983, which was after the time in which the petitioner could have objected to the second summons. Moreover, the respondent's position is that the second summons "superceded" and was issued "in lieu of" the first. This position was not communicated to the petitioner or this Court, however, until the receipt of respondent's reply memorandum on May 9, 1983.

Nonetheless, the Court does not believe that these circumstances are sufficient to warrant the conclusion that the respondent acted in bad faith in issuing a second summons. Moreover, there are a number of facts which militate against the conclusion that the respondent acted in bad faith. For example, the second summons was much narrower in scope than the first summons

which has been withdrawn and the records seized pursuant to that summons were placed under seal pending resolution of the instant controversy. While the Court cannot sanction the way in which the IRS proceeded in this matter, it does not believe that there are sufficient facts from which to conclude that the IRS acted in bad faith.

Accordingly, the Court believes respondent's motion to dismiss is well taken, and it is hereby GRANTED.

So ORDERED.